UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REASON FOUNDATION,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>    Defendants. | Civil Action No. 23-0440 (CRC) |

### DECLARATION OF KARA CHRISTENSON

In accordance with 28 U.S.C. § 1746, I, Kara Christenson, make the following declaration, under penalty of perjury:

### QUALIFICATIONS AND EXPERIENCE

1. I am presently employed with the U.S. Department of Justice ("DOJ"), Federal Bureau of Prisons ("BOP") at the BOP's Central Office, where I serve as a Supervisory Government Information Specialist ("GIS"). I have served as Supervisory GIS since January 2023. Previously, I was assigned as a GIS for Central Office from August 2016 to January 2023, and as a Paralegal for the North Central Regional Office from September 2008 to August 2016. From June 1994 through September 2008, I served as Legal Support Staff for the Legal Department at FMC Rochester. I have been employed by BOP since March 1992.

2. The statements I make hereinafter are based on my review of the official files and records of the BOP, my personal knowledge, information provided to me by other BOP employees, or based on information acquired by me through the performance of my official duties. Due to the nature of my official duties as Supervisory GIS for Central Office, I am familiar with the procedures followed by Central Office and the six Regional Offices of the BOP, including the South Central Regional Office ("SCRO") and the Southeast Regional Office ("SERO") of BOP in

responding to requests made pursuant to the Freedom of Information Act ("FOIA"). I regularly assist the Regional Offices by providing advice and guidance regarding the FOIA and internal FOIA processes. I also review and approve FOIA requests for the Central Office and all six Regional Offices and assist with FOIA litigation.

3. This declaration provides a description of how BOP received Plaintiff's FOIA request, how BOP searched for and processed records in response to Plaintiff's FOIA request, and how BOP disclosed information in the records that were determined to be responsive to Plaintiff's FOIA request. In addition, in accordance with the requirements set forth in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), this declaration explains the basis for withholding portions of the requested information pursuant to FOIA Exemption (b)(5), which, as will be explained in more detail below, is the only exemption Plaintiff is challenging at this stage of the proceedings. *See* Ex. A – Vaughn Index.

4. Requests for BOP records are governed by the DOJ's FOIA regulations, *see* 28 C.F.R. Part 16, BOP's FOIA regulations, *see* 28 C.F.R. Part 513, and BOP Program Statement 1351.05, Release of Information.[1]

5. Under 28 C.F.R. § 513.60, FOIA requests must be made in writing and addressed to the Director, Federal Bureau of Prisons, 320 First Street N.W., Washington, D.C. 20534. All FOIA requests are received by the FOIA/Privacy Act Section of the Office of General Counsel in Central Office. Pursuant to 28 C.F.R. § 16.3(a), each DOJ component, including BOP, must also have the capability to receive requests electronically through either email or a web portal. Requesters may submit FOIA requests electronically to BOP through their public website located at www.bop.gov or via the National FOIA Portal at www.foia.gov.

---

[1] All BOP Program Statements referenced herein may be located at BOP's public website, www.bop.gov.

6.     Once received by BOP, a Central Office GIS will review the request for sufficiency, upload it into the BOP FOIA database, assign the request a BOP FOIA tracking number, and prepare and dispatch a letter to the requester acknowledging receipt of the request and providing the tracking number. Thereafter, the Central Office GIS will determine the most likely location of the records sought and assign the request in the BOP FOIA database to either the Central Office or one of the six Regional Offices based on that determination.

7.     BOP has designated different processing tracks for FOIA requests, including an expedited track for requests that have been granted expedited processing, and a complex and simple track that distinguish between requests based on the location of the documents requested, the number of pages involved in processing the request, and other factors that complicate responding to the FOIA request. *See* 28 C.F.R. § 16.5(b). Except for requests placed on the expedited track, BOP will ordinarily respond to FOIA requests on a first in, first out basis, according to their order of receipt. *See* 28 C.F.R. § 16.5(a).

8.     The FOIA processor assigned the FOIA request will determine the specific location where the records requested are most reasonably anticipated to be located and will then assign a search for responsive records at the appropriate location(s). Once responsive records have been received, the FOIA processor will process the request by releasing all non-exempt information and withholding exempt information by applying applicable FOIA exemptions. The requester will be advised in writing of any denial of information, whether in part or in whole, and the reasons for the denial. The requester will also be advised that they may appeal the denial of information to the Office of Information Privacy ("OIP") of the DOJ.

## PROCEDURAL HISTORY

**FOIA Request 2020-03749**

9.  On May 4, 2020, Plaintiff submitted the following FOIA request to BOP:

    Pursuant to the Freedom of Information Act, I hereby request the following records:

    -   any "mortality reviews" conducted regarding inmate deaths at FMC Carswell between Jan. 1, 2015 and May 4, 2020.

    -   any "mortality reviews" conducted regarding inmate deaths at FCI Aliceville between Jan. 1, 2015 and May 4, 2020.

    *See* Ex. B – FOIA Request.

10. Upon initial review, BOP FOIA staff determined records responsive to the request would most reasonably be located at a facility ("FMC Carswell") located in the SCRO of the BOP. Accordingly, BOP FOIA office staff forwarded the FOIA request to the FOIA staff at the SCRO to initiate a search for documents responsive to the request. In turn, SCRO FOIA staff contacted FMC Carswell to request records responsive to Plaintiff's request.

11. By letter dated March 30, 2022, BOP informed Plaintiff that staff had located 288 pages of responsive records for 2020-03749, the part of the request seeking mortality reviews from FMC Carswell. Of the 288 pages located, BOP produced 84 pages in full and 204 pages in part. BOP redacted information under Exemptions 5, 6, and 7(C). *See* Ex. C – Determination Letter.

12. By letter dated April 6, 2022, Plaintiff appealed the BOP's determination of 2020-03749 to OIP. Plaintiff's appeal concerned withholdings under Exemption (b)(5) and the portion of their request for records concerning FCI Aliceville. By letter dated December 1, 2022, OIP responded to Plaintiff's appeal by affirming BOP's application of Exemption (b)(5). OIP also informed Plaintiff that BOP opened Request No. 2022-04325 to address the portion of the request seeking records from FCI Aliceville. *See* Ex. D – OIP Appeal Packet.

**FOIA Request 2022-04325**

13. On June 16, 2022, in response to the portion of Plaintiff's appeal of Request 2020-03749, concerning mortality review records from FCI Aliceville, BOP opened a new request in its FOIA database and assigned tracking number 2022-04325. Request 2022-04325 was assigned to FOIA staff in the SERO of the BOP, as FCI Aliceville is in that region.

14. On June 16, 2022, SERO FOIA staff requested records from staff at FCI Aliceville responsive to Plaintiff's request for copies of mortality reviews conducted there between January 1, 2015 and May 4, 2020.

15. On June 29, 2022, responsive records were provided to SERO FOIA staff. The records were uploaded into the FOIA database awaiting processing by FOIA staff.

16. On March 1, 2023, BOP was notified by OIP that it was named as a defendant in Case No. 23-0440 (CRC), which was filed by Plaintiff on February 16, 2023. Upon notification of the litigation, BOP reviewed the status of Request No. 2022-04325 and learned processing the responsive records was underway but not yet complete.

17. By letter dated May 1, 2023, BOP informed Plaintiff that staff had located 62 pages of responsive records in response to the request for mortality reviews from FCI Aliceville. Of the 62 pages located, BOP produced 23 pages in full and 39 pages in part. BOP redacted information under Exemptions 5, 6, and 7(C). *See* Ex. E – Determination Letter.

18. On September 29, 2023, after re-evaluating its prior production of records related to mortality reviews from FCI Aliceville, BOP re-produced the records with less redactions under Exemptions 6 and 7(C).

19. Plaintiff has indicated that it is not challenging BOP's search, nor its application of Exemptions (b)(6) and (b)(7)(C), and is only challenging the redactions pursuant to Exemption (b)(5). Plaintiff has agreed to a representative example consisting of four subject documents:

(1) Rosemary Ofume and (2) Doris Nelson from the FCI Aliceville records, and (3) Andrea Circle-Bear and (4) Sherry Salas from the FMC Carswell records.

## EXEMPTIONS

**Exemption 5 – Deliberative Process Privilege**

20.     FOIA Exemption 5 exempts from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. 5 U.S.C. § 552(b)(5).

21.     FOIA Exemption 5 has been construed to exempt documents or information normally privileged in the civil discovery context, and incorporates the attorney work product, attorney-client, and deliberative process privileges. To apply FOIA Exemption 5, agencies must first satisfy the threshold requirement, i.e., show that the information protected was "inter-agency or intra-agency." Once agencies make this showing, the deliberative process privilege protects pre-decisional, deliberative communications that are part of a process by which agency decisions are made. It protects opinions, advice, evaluations, deliberations, proposals, or recommendations that form part of an agency decision-making process, as well as the selection and sorting of factual information relied upon as part of the decision-making process. Finally, agencies must show that the withheld information would cause foreseeable harm if produced.

22.     BOP asserted the deliberative process privilege in its application of FOIA Exemption 5 to withhold information from the mortality review records at issue in this case. First, BOP determined that it was readily apparent that the reviews were "inter-agency or intra-agency" records because they were created by BOP personnel after the deaths of inmates at FMC Carswell and FCI Aliceville.

23.     Second, BOP determined that the portions of the records that were withheld were both predecisional and deliberative. A mortality review is the process BOP utilizes to establish a

multilevel system of reporting and reviewing of every inmate death, whether by natural cause, suicide, homicide, or accident. BOP medical staff and other BOP disciplinary experts review the circumstances of each individual death to evaluate the agency's health care delivery system and policies, to identify its significant strengths and weaknesses, and to take corrective action where necessary.

24. Finally, BOP determined that if the portions of the reviews that were redacted under FOIA Exemption 5 (deliberative process privilege) were produced to the public, it would cause a foreseeable harm. Specifically, release to the public would have a chilling effect on future communications of BOP staff performing mortality reviews as they would, at the very least, be less candid in their evaluations out of concern their opinions and analyses would be revealed to the public. At its worst, if the opinions and evaluations were disclosed to the public, vigorous evaluations of BOP health care would cease rendering this vital process virtually useless. BOP would not be able to identify strengths or weaknesses honestly and effectively and would not be able to improve its health care delivery system and policies, or take corrective action as needed, effectively.

## SEGREGABILITY

25. I have personally reviewed the releases in this matter, including the documents partially released, and have determined that no documents contain releasable information which could be reasonably segregated from the non-segregable portions.

\*   \*   \*

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this __16th_ day of January 2024.

_____
KARA CHRISTENSON
Supervisory Government Information Specialist
Federal Bureau of Prisons
Department of Justice